UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                                Date: July 22, 2021

Title      Gary Eugene Sasser v. Craig Koenig, et al.

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  |  None  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

|  Attorneys Present for Petitioner:  |  Attorneys Present for Respondent:  |
|---|---|
|  None  |  None  |

**PROCEEDINGS:   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS UNTIMELY**

On December 30, 2020, Gary Eugene Sasser ("Petitioner"), a California state prisoner proceeding *pro se*, constructively filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] ("Petition," Dkt. No. 1).  The claims in the Petition appear to be based on Petitioner's claimed right to the protections of California Penal Code § 1016.8, effective January 1, 2020, which provides in relevant part that "[a] provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy."  Cal.

---

[1] Pursuant to the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."  *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988).  Accordingly, the Court adopts the date in the signature block, December 30, 2020, as the Petition's constructive filing date. (Petition at 10).  For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                                      Date:  July 22, 2021

Title       Gary Eugene Sasser v. Craig Koenig, et al.

Penal Code §1016.8(b).[2]  Petitioner broadly contends that § 1016.8 has retroactive effect and that he is entitled to a post-conviction remedy that corrects and reduces his current indeterminate life sentence.  (*Id.* at 14–15).

   Petitioner asserts two claims.  First, he contends that he was denied his right to the effective assistance of his trial counsel in the proceedings resulting in his current conviction and of the counsel who represented him in his prior criminal pleas.  Petitioner contends that counsel were all ineffective because none of them informed him that the terms of his prior plea agreements could be "changed" upon the enactment of a new law, such as California's Three Strikes law.  Second, Petitioner claims that the trial court violated his due process rights when it used his prior pleas, which Petitioner had entered into before the enactment of California's Three Strikes law, to enhance his current sentence to a life term, beyond the terms agreed upon when Petitioner made the prior pleas.  (*Id.* at 16–24).  For the reasons set forth below, the Petition appears to be untimely.

---

[2] Section 1016.8 expressly includes a detailed description of the Supreme Court authority on which it rests.  The statute explains that the United States Supreme Court has held that due process requires a plea to be knowing, intelligent and voluntary.  Cal. Penal Code § 1016.8(a)(2) (citing *Boykin v. Alabama*, 395 U.S. 238 (1969)).  The statute further notes that according to the Supreme Court, a knowing, intelligent and voluntary waiver requires knowledge of an existing right or privilege.  Cal. Penal Code § 1016.8(a)(3) (citing *Estelle v. Smith*, 451 U.S. 454, 471 n. 16  (1981); *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); and *Taylor v. U.S.*, 414 U.S. 17, 19 (1973)).  In light of this precedent, the statute asserts that "[a] plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent," Cal. Penal Code § 1016.8(a)(4), and therefore such provisions are void under state law as contrary to public policy.  *Id.* § 1016.8(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                                              Date:  July 22, 2021

Title        Gary Eugene Sasser v. Craig Koenig, et al.

    **A.**     **AEDPA Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions.  AEDPA's one-year limitations period begins to run from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).  Here, the applicable limitations period is that set forth in § 2244(d)(1)(A).

Subsection B of 28 U.S.C. § 2244(d)(1) has no application in the present case. Petitioner does not allege, and this Court finds no indication, that any illegal state action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                                      Date:  July 22, 2021

Title        Gary Eugene Sasser v. Craig Koenig, et al.

prevented Petitioner from filing the present Petition sooner. *See Herrera v. Gibson*, 2021 WL 2337215, at *2 (E.D. Cal. June 8, 2021) (claim based on § 1016.8 not entitled to later statute of limitations start date under § 2244(d)(1)(B) because enactment of the statute was not the removal of a "state-created impediment [that] prevented a timely filing").

      Subsection C of 28 U.S.C. § 2244(d)(1) also has no application in the present case. While Petitioner's claim purports to rely on newly enacted California law, (*see* Petition at 14–15), it is not predicated on a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See Slaughter v. California*, 2020 WL 2097746, at *3 (C.D. Cal. Apr. 30, 2020), report and recommendation adopted, 2020 WL 5880459 (C.D. Cal. Oct. 1, 2020) (habeas petition alleging claim based on § 1016.8 is subject to statute of limitations under § 2244(d)(1)(A) because a claim based on a new state law is not a newly recognized right by the United States Supreme Court, as required for a trigger date under §2244(d)(1)(C)); *Fletcher v. Sherman*, 2021 WL 1022863, at *3 (C.D. Cal. Jan. 19, 2021), report and recommendation adopted, 2021 WL 979605 (C.D. Cal. Mar. 15, 2021) (the enactment of state statutes, including specifically Cal. Penal Code § 1016.8, "do[es] not provide a later start date for the statute of limitations under § 2244(d)(1)(C)").

      Subsection D of 28 U.S.C. § 2244(d)(1) also does not afford Petitioner a later accrual date for the statute of limitations. Under § 2244(d)(1)(D), the statute of limitations commences when a petitioner knows, or through the exercise of due diligence could discover, the factual predicate of his claims, not when a petitioner learns the legal significance of those facts. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); *see also Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003). Here, Petitioner's claims arise from facts which should have been known to Petitioner "certainly by the time he was subjected to an enhanced sentence" pursuant to the Three Strikes law, if not before. *Slaughter*, 2020 WL 2097746, at *3.

      Accordingly, pursuant to Subsection A, Petitioner had one year from the date that his conviction became "final" to file a federal habeas petition. *See* 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                              Date:  July 22, 2021

Title          Gary Eugene Sasser v. Craig Koenig, et al.

§ 2244(d)(1)(A).  A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review."  *Id*.  Petitioner was convicted on February 10, 2011 on multiple counts of second-degree robbery.  S*ee* Attachment, Los Angeles County Superior Court Docket, Case No. NA084759, at 12-17.[3]  The trial court found true that Petitioner had three prior "strike" convictions for robbery under the Three Strikes Law, which made him eligible for enhancements that increased his sentence to an indeterminate life sentence.  (*Id.* at 18).  The California Court of Appeal affirmed Petitioner's conviction on April 18, 2012.  *See People v. Sasser*, 2012 WL 1331047, at *20 (Cal. Ct. App. April 18, 2012).[4]  However, the case was remanded for resentencing based on Petitioner's *Romero* motion[5] to strike his prior strike convictions.  Petitioner was re-sentenced in Superior Court on June 4, 2012 and was once again sentenced to an indeterminate life term.  (Superior Court Docket at 22-25).

On May 21, 2012, while his case was pending in the Los Angeles County Superior Court on remand for resentencing, Petitioner filed a petition for review in the California Supreme Court challenging his conviction.  *See* Case Information Website, Case No. S202640.  The petition was summarily denied without comment or citation to authority

---

[3] The Court takes judicial notice of the docket in Petitioner's criminal proceedings in superior court, *People v. California*, Los Angeles County Superior Court Case No. NA084759.  *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[Courts] may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."); *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the Internet, from petitioner's state court proceedings).  **A copy of the state court docket is attached to this Order and shall be cited as "Superior Court Docket."**

[4] The Court takes judicial notice of the California Court of Appeal's decision on direct review.  *See United States v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

[5] *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                                    Date:  July 22, 2021

Title   Gary Eugene Sasser v. Craig Koenig, et al.

on June 27, 2012.  *Id*.  There is no evidence in the record that Petitioner sought a writ of certiorari in the United States Supreme Court on direct review.  Accordingly, Petitioner's state conviction became "final" 90 days later, *i.e.*, on September 25, 2012.[6]  *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009).

Petitioner therefore had one year from the date his conviction became final, until September 25, 2013, to file a timely federal habeas petition, absent statutory or equitable tolling.  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) ("We hold that the period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition.  Therefore, when petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.").  The instant Petition was not filed until December 30, 2020.  Therefore, absent tolling, it is untimely by more than seven years.

      B.    <u>**Statutory Tolling**</u>

AEDPA includes a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Pace v.*

---

[6] The Case Information Website does not reflect that Petitioner appealed his resentencing on direct appeal.  If that is accurate, Petitioner's resentencing would have become final sixty days after it was entered in the Superior Court on June 4, 2012, *i.e.*, August 3, 2012.  *See* 6 Witkin, Cal. Crim. Law, 4th ed., Crim Appeal § 96 (2021) (notice of appeal of felony conviction "must be filed within 60 days after the rendition of the judgment or the making of the order being appealed") (quoting Cal. R. Ct. 8.308).  However, because Petitioner's conviction did not become final until September 25, 2012 -- nearly two months later -- the Court will adopt the more generous date and calculate the date on which Petitioner's conviction and sentence became "final" from 90 days after the date the California Supreme Court denied Petitioner's petition for review.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                                           Date:  July 22, 2021

Title        Gary Eugene Sasser v. Craig Koenig, et al.

*DiGuglielmo*, 544 U.S. 408, 410 (2005).  The time between the date a conviction becomes final and the date a petitioner files his first state habeas petition is not subject to statutory tolling.  *See Thorson v. Palmer*, 479 F.3d 643, 646 (9th Cir. 2007).  However, AEDPA's statutory tolling provision applies to "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Harris v. Carter*, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008).  "Applying these principles to California's post-conviction procedure . . . the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  *Id.; see also Carey v. Saffold*, 536 U.S. 214, 217–23 (2002) (under California's "original writ" system, an application for state collateral review is "pending" in the state courts so as to toll the federal statute of limitations during the interval between a lower court's decision and the filing of a further original state habeas petition in a higher court).

　　　The United States Supreme Court has clarified this standard, holding that a petition is "pending" between the time the lower state court reached an adverse decision and the day the petitioner filed a petition in a higher state court only if the subsequent petition was filed within a "reasonable time."  *Id*.  When a state habeas petition is untimely, it is not properly filed and AEDPA's statute of limitations will not toll.  *Pace*, 544 U.S. at 417.  Moreover, if a petition is untimely, then "none of the time before or during the court's consideration of that petition is statutorily tolled."  *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005).  In *Evans v. Chavis*, 546 U.S. 189 (2006), the Supreme Court held that, in the absence of a ruling on timeliness from a California state court, "the federal court must decide whether the filing of the request for state-court appellate review (in state collateral review proceedings) was made within what California would consider a 'reasonable time.'"  *Id.* at 198 (also noting that a federal court cannot presume that a state petition was timely simply because a state court considered the petition on the merits).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                                    Date:  July 22, 2021

Title        Gary Eugene Sasser v. Craig Koenig, et al.

     After Petitioner's conviction became final on September 25, 2012, Petitioner appears to have filed several state habeas petitions. Petitioner first filed a habeas petition in the Los Angeles County Superior Court on April 28, 2013. (Superior Court Docket at 27). The petition was summarily denied three days later, on May 1, 2013. (*Id.*).

     Petitioner then filed a habeas petition in the California Court of Appeal on August 1, 2013. *See* Case Information Website, Cal. Ct. App. 2d Dist., Case No. B250336. That petition was denied on August 23, 2013. *Id*. The Case Information Website does not reflect that Petitioner pursued habeas relief in the California Supreme Court following the Court of Appeal's denial of his August 2013 petition.

     Approximately four and a half years later, on February 9, 2018, Petitioner filed a petition for an "alternative writ" in the Los Angeles Superior Court.[7] (Superior Court Docket at 29). Petitioner contended that "his prior convictions for robbery should not have been used as strikes because it [sic] violates the contract." (*Id.*). The court denied the petition on February 20, 2018 on the grounds that (1) "an alternative writ is not the proper method to raise this claim"; (2) the claim could have been raised on direct appeal, but was not; and (3) Petitioner "failed to explain and justify the significant delay in seeking relief."[8] (*Id.*). Petitioner appears to have filed another habeas petition in the same court on November 7, 2018. (*Id.* at 30). However, those proceedings were summarily "terminated" on November 13, 2018. (*Id.*).

---

[7] "An alternative writ directs the respondent to do what the writ petition seeks to compel or, in the alternative, to appear and show cause why he or she should not be compelled to do so." California Criminal Procedure § 30:8, Types of relief granted—Alternative writs and orders to show cause.

[8] In a later entry on the docket, the Los Angeles County Superior Court characterized Petitioner's February 9, 2018 petition as a "writ of habeas corpus," and summarized Petitioner's claim as alleging that his "strike priors should not have been imposed because he was not informed at the time of the plea that they could be used to impose a life sentence in the future." (Superior Court Docket at 31).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                                    Date:  July 22, 2021

Title      Gary Eugene Sasser v. Craig Koenig, et al.

    More than a year later, on February 28, 2020, Petitioner filed another habeas petition in the Los Angeles County Superior Court in which he expressly sought to be resentenced pursuant to the newly-enacted § 1016.8.  (*Id.* at 30-31).  The court denied the petition on March 4, 2020 on the ground that § 1016.8 does not apply retroactively, and Petitioner's instant conviction "was final in September of 2012." (*Id.* at 31).

    Petitioner filed a habeas petition in the California Court of Appeal on April 6, 2020.  The court denied the petition on May 21, 2020 on the ground that Petitioner was not eligible for relief under § 1016.8.  *See* Case Information Website, Cal. Ct. App. 2d Dist., Case No. B305522; *see also* Petition, Exh. B, at 29.

    Petitioner filed his final habeas petition in the California Supreme Court on July 24, 2020.  *See* Case Information Website, Case No. S263494.  The petition was denied without comment or citation to authority on July 30, 2020.  *See id.*; *see also* Petition, Exh. B, at 30.

    It appears that by the time Petitioner filed his second and third rounds of habeas petitions in 2018 and 2020, the time to file a federal petition had already long expired. The statute of limitations began to run on September 25, 2012, when Petitioner's state conviction became final.  Petitioner filed his first habeas petition in the Los Angeles County Superior Court on April 28, 2013, after 215 days had passed.  The petition was denied three days later, on May 1, 2013, and the statute of limitations began to run again. Petitioner filed his next petition in the California Court of Appeal on August 1, 2013, after an additional 92 days had passed.  Accordingly, by the time Petitioner filed his habeas petition in the California Court of Appeal, 307 days of the one-year statute of limitations had already expired.[9]  The California Court of Appeal denied Petitioner's

---

[9] Petitioner is not entitled to "gap tolling" for the period between the date that the Los Angeles County Superior Court denied his habeas petition on May 1, 2013 and the date he filed his next petition in the California Court of Appeal on August 1, 2013.  The Supreme Court has cautioned against interpreting California's timeliness standard in a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 21-1396 JGB (PVC)                                    Date:  July 22, 2021

Title     Gary Eugene Sasser v. Craig Koenig, et al.

habeas petition twenty-three days later, on August 23, 2013, and the statute of limitations began to run again.  However, once the state appellate court denied Petitioner's habeas petition, Petitioner had only 58 days left on the clock to file his federal habeas petition—until October 21, 2013.[10]  Nevertheless, the instant Petition was not filed until December 30, 2020, rendering the Petition untimely by 2,627 days, *i.e.* over seven years and two months.  Accordingly, the Petition is untimely even if the limitations period was tolled for the brief period Petitioner's petitions were pending in the Los Angeles County Superior Court and the California Court of Appeal.

A state habeas petition filed after the expiration of the one-year AEDPA limitations period does not reset the limitations clock.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state [habeas] petition was filed."); *Roberts*, 627 F.3d at 771 n.4 ("subsequent state petitions" filed after expiration of the AEDPA limitations period do not entitle petitioner "to any additional tolling"); *Meadows v. Biter*, 980 F. Supp. 2d 1148, 1151 (C.D. Cal. 2013) (the filing of a state petition after the

---

manner that deviates significantly from the 30- to 60-day periods the Supreme Court has found to govern in "most States."  *See Evans v. Chavis*, 546 U.S. 189, 192-95 (2006).  Moreover, the Ninth Circuit has held that an unexplained delay of "substantially longer than ... 30 to 60 days" is not reasonable under California law.  *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (denying statutory "gap" tolling to delays of 101 and 115 days); *see also Stewart v. Cate*, 757 F.3d 929, 935-36 (9th Cir. 2014) (unexplained 100-day delay unreasonable); *Stancle v. Clay*, 692 F.3d 948, 956 (9th Cir. 2012) (unexplained delay of 82 days unreasonable); *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (unexplained delays of 81 and 91 days between state habeas filings unreasonable).  However, even if gap tolling did apply, the untimeliness analysis would not materially change.

[10] Fifty-eight days from August 23, 2013 was October 20, 2013.  However, because October 20, 2013 was a Sunday, the deadline automatically rolled over to the next Court day.  Fed. R. Civ. P. 6(a)(1)(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                              Date:  July 22, 2021

Title         Gary Eugene Sasser v. Craig Koenig, et al.

AEDPA limitations period expired "cannot revive [the] statute of limitations and has no tolling effect") (citing *Ferguson*, 321 F.3d at 823).  Accordingly, it appears that the filing of the 2020 habeas petitions in the California Court of Appeal and the California Supreme Court would not entitle Petitioner to statutory tolling and would not render the instant federal Petition timely.

If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this Order to Show Cause should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling.  *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").  For example, to claim an entitlement to statutory tolling, Petitioner must identify any relevant state court filing not identified in this Order, such as a petition for review filed on direct review in the California Court of Appeal after the trial court's resentencing of Petitioner's case pursuant to the remand and resentence order from the state appellate court in 2012, or any habeas petition filed in any state court after Petitioner's 2013 state habeas petition was denied by the state appellate court.  Petitioner must also indicate, to the extent possible, the court in which the state petition was filed, the case number, the date it was filed, and the date on which it was denied.  If possible, Petitioner should attach a copy of any such petition as an exhibit to his response to the Order to Show Cause.

      C.    **Equitable Tolling**

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'"  *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (quoting *Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009)).  "[T]he threshold necessary to trigger equitable tolling under [the] AEDPA is very high,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                                Date:  July 22, 2021

Title        Gary Eugene Sasser v. Craig Koenig, et al.

lest the exceptions swallow the rule." *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (brackets in original; citation omitted); *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010).

The Petition does not expressly seek equitable tolling or disclose any basis for such.  Petitioner is advised that he bears the burden of demonstrating an entitlement to equitable tolling.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show both diligence and extraordinary circumstances to warrant equitable tolling); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling").  If, for example, Petitioner contends that he is entitled to equitable tolling, he must show that he diligently sought to pursue his claims after his conviction and sentence became final in September 2012 but was prevented from doing so by circumstances beyond his control.  *See Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' 'maximum feasible diligence[.]'") (internal citations omitted).  Petitioner must also identify the period or amount of time he contends that the statute of limitations should be equitably tolled.

**ORDER**

For the reasons stated above, based upon the Petition as currently submitted, the statute of limitations triggered by 28 U.S.C. § 2244(d)(1)(A) appears to bar this action. Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **thirty days** of the date of this Order, why this action should not be dismissed as untimely pursuant to the AEDPA one-year limitations period.  Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 21-1396 JGB (PVC)                                    Date:  July 22, 2021

Title        Gary Eugene Sasser v. Craig Koenig, et al.

      **Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience.</u>  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), which, as amended by AEDPA, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

      **Petitioner is expressly warned that the failure to file a timely response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and comply with Court orders.  *See* Fed. R. Civ. P. 41(b).**

      The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

      IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| **Initials of Preparer** | mr |